## No. 24.

ROBERT S. HOWARD, Liquidator, *v.* FRANCOIS LACROIX.

1. Because a law gives a court *exclusive* jurisdiction in specified cases, it does not thereby necessarily exclude all other jurisdiction.
2. The law establishing a court is the warrant of its authority, and it can, in default of subsequent legislation, exercise no powers not thereby conferred upon it.
3. Where the letter of a statute is doubtful or ambiguous, the courts are to seek the object the Legislature had in view, and the purposes sought to be accomplished by the enactment.
4. Although the caption of a statute cannot control its text, yet, if the latter be ambiguous, the caption furnishes the best guide as to the objects and purposes of the law.
5. Courts of limited authority can entertain no controversy not clearly within the comprehension of the laws conferring jurisdiction upon them ; and where they do entertain such matters. all orders, decrees and actions made or had therein are absolutely null and void.

*Appeal from the late Fourth District Court for the Parish of Orleans. Lynch, Judge.*

*Merrick, Race & Foster* for appellant.
*Chas. Louque* for appellee.

McGLOIN, J.—Petitioner, claiming to be liquidator of the Louisiana Mutual Insurance Company, by virtue of an order of the late Superior District Court for this parish, sues defendant upon a twelve-months bond for seven hundred and seven dollars and interest. Various exceptions are filed, only one of which need be noticed—being a denial of the capacity of plaintiff and of his right to stand in judgment. The question presented is, whether the late Superior District Court for this parish was a court of general or of limited jurisdiction. Defendant refers to the case of Union Wood Preserving Company vs. Bell, 29 A. 13. Although not entirely satisfied with the reasoning whereby the Court arrived at its conclusion in that case, a careful consideration has satisfied us that the conclusion itself is correct.

The difficulties which at first presented themselves to us were, that we did not consider the Superior District Court as being a continuation of the old Eighth District Court, with its title changed, but that it was an entirely new and distinct court; that the granting of *exclusive* jurisdiction, in certain specified cases, did not necessarily imply that it was not to have general juris- diction as well; that the first section of the Act created an *additional* District Court for the parish of Orleans, and it might be supposed that the new court was to be an ordinary one, like the majority of the other District Courts then existing, and that the fact that only a portion of the old docket of the Eighth District Court was transferred to it did not of itself create the same distinction as to cases which were to arise in the future.

The second section declares that the new court shall have "exclusive jurisdiction" of certain cases therein specified. This term *exclusive*, as defined by Webster, may be used to con- vey two different ideas. Used by itself, without the prepo- sition " of," it means, " possessed and enjoyed, to the exclusion of others, as an exclusive privilege." In connection with this preposition, it signifies that the thing or things to which it ap- plies are not taken into account, as, " the general had five thousand troops, exclusive of artillery and cavalry." The use of this term, therefore, did not, of itself, circumscribe the au- thority of that court. But the first section of the Act did not purport to define expressly its jurisdiction; and as some of the District Courts, then existing, were tribunals of limited juris- diction, it did not necessarily follow that because the new court was styled a District Court, it was to have plenary powers. Therefore, as the first section did not affect this ques- tion, the second was the only portion of the Act which conferred and defined the authority of the new tribunal. This section ab- stained from conferring general jurisdiction, and the courts cannot undertake to do more than the Legislature has chosen to do. Jurisdiction is not self-creative, and the law establish- ing a court is the sole warrant for its authority, beyond which it cannot legally go.

2

Were there, however, anything dubious in this statute, a familiar rule of interpretation would require us in seeking its sense to consider the object and purposes which the General Assembly had in view when it was enacted. This rule is incorporated into our Civil Code as article 18.

While the caption of a law cannot control it, where the text is clear and unambiguous, yet it furnishes the most reliable guide in our search for the legislative purpose. Bartlett & Waring vs. Morris, 2 Paine C. C. 585; Denn vs. Reid, 10 Peter 526; U. S. vs. Fisher, 2 Cranch 358 (205). Referring to the caption of the Act creating the late Superior District Court for this parish, we find one of its objects declared therein to be " to fix and *limit*" its jurisdiction.

The judge *a quo*, considering that the court above named was one of limited jurisdiction, and that it was without authority *ratione materiæ* to order the liquidation of a corporation not created by a special act of the Legislature, and to appoint a receiver therefor, held its orders in the premises to be absolutely null and void, and maintained defendant's exceptions, and, in our opinion, correctly.

Judgment affirmed.